

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3  P 4: 47

LORETTA G. WHYTE
CLERK

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL JOHNSON #114419

Print the full name (first - middle - last) and
prisoner number of the plaintiff in this action.

versus

RAYMOND C. BIGELOW

Print the full name of all defendants in
this action.
DO NOT WRITE et al.

CIVIL ACTION 05-6647

NO. SECT. K MAG. 2

SECTION

COMPLAINT

1.  Previous Lawsuits

    A.  Have you begun other law suits in state or federal Court dealing with the same facts
        involved in this action or otherwise relating to your imprisonment?
        Yes (X)     No ( )

\_\_ Fee  Pauper
\_V Process \_\_\_\_
 X  Dktd \_\_\_\_
\_\_ CtRmDep\_\_\_\_
\_\_ Doc. No.\_\_\_\_

B. If your answer to A is "yes", describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to the previous lawsuit

   Plaintiffs   DARRELL JOHNSON #114419

   Defendants   GARY DUBROC

2. Court (if federal Court, name of the district Court; if state Court, name the parish.)
   UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF LA

3. Docket Number CA-90-1205-B-MI

4. Name of judge to whom case was assigned
   STEPHEN RIEDLINGER

5. Disposition (For example: Was this case dismissed? Was it appealed? Is it still pending?)

   TRIAL, LOST BY JURY VERDICT

6. Approximate date of filing lawsuit 1990

7. Approximate date of disposition 1996

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal Court?
Yes (X)    No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You also must identify in which federal district or appellate Court the action was brought.
U.S. DISTRICT COURT, EASTERN DISTRICT OF LA, NO: 03-2820, DISMISSED
OCT. 31, 2003, AS LEGALLY FRIVOLOUS, FAILURE TO STATE A CLAIM
UNDER 28 U.S.C. § 1915(e)2 AND 1915A(b)(1);

2

II.  Place of Present Confinement: <u>LA STATE PRISON, ANGOLA, LA 70712</u>

  A.  Is there a prisoner grievance procedure in this institution?
      Yes (X)   No ( )

  B.  Did you present the facts relating to this complaint in the prisoner grievance procedure?   Yes ( )   No (X)

  C.  If your answer is YES,

      1.  Attach a copy of all administrative complaints you have filed regarding the claims raised in this lawsuit and copies of all prison responses. If copies are not available, list the number assigned to the complaint(s) and approximate date it was presented to the prison. _____
          <u>NOT APPLICABLE</u>

      2.  As to each grievance compliant provided or listed above, have you exhausted or completed all steps in the procedure, including appeals?
          _____

  D.  If your answer is NO, explain why you have not done so: <u>THIS CIVIL RIGHTS ACTION DOESN'T ADDRESS A PRISON MATTER, BUT ADDRESSES A DENIAL OF THE FIRST AMENDMENT RIGHT TO ACCESS OF THE COURT, AND 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION</u>

III.  Parties

(In item A below, place your name in the first blank, your present address in the second blank and your date of birth in the third blank. Do the same for additional plaintiff's, if any.)

  A.  Name of plaintiff
      (First-Middle-Last) <u>DARRELL JOHNSON</u>
      Prisoner Number <u>#114419</u>
      Address <u>LA STATE PENITENTIARY, ANGOLA, LA 70712</u>
      Date of Birth <u>OCTOBER 6, 1966</u>
      Date of Arrest <u>AUGUST 19, 1985</u>
      Date of Conviction <u>FEBRUARY 16, 1986</u>

3

IMPORTANT: In the space provided below, place the full name of each defendant named in the caption, in his or her official position, place of employment, and service address. If you have sued more than one defendant, provide this same information for every defendant you have named. Please attach an additional sheet, if necessary. **The parties listed below must be exactly the same as those listed in your caption.**

B.  Defendant <u>RAYMOND C. BIGELOW</u> is employed as <u>DISTRICT COURT JUDGE, SECTION "I"</u> at <u>ORLEANS CRIMINAL DISTRICT COURT</u>
Address for service: <u>CRIMINAL COURTS BUILDING, 2700 TULANE AVE., NEW ORLEANS, LA 70119</u>

C.  Defendant _____ is employed as _____
_____ at _____
Address for service: _____

D.  Defendant _____ is employed as _____
_____ at _____
Address for service: _____

E.  Defendant _____ is employed as _____
_____ at _____
Address for service: _____

F.  Defendant _____ is employed as _____
_____ at _____
Address for service: _____

G.  Defendant _____ is employed as _____
_____ at _____
Address for service: _____

4

IV.    Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

<u>SEE MEMORANDUM OF FACTS ON FOLLOWING PAGES.</u>

V.    Relief

(<u>State briefly exactly what you the Court to do for you.</u> Make no legal arguments. Cite no cases or statutes.)

<u>GRANT PRELIMINARY INJUNCTION, DECLARATIVE RELIEF AND ATTORNEY FEES UNDER THE CIVIL RIGHTS ATTORNEY FEES AWARD ACT 42 U.S.C. 1988.</u>

The Plaintiff, Darrell Johnson #114419, a state prisoner held in custody at La. State Penitentiary, Angola, Louisiana, seeks Civil Rights Actions under Title 28 U.S.C. § 1331(a), 1343(3), 2201, 2202, and 1367(A) seeking preliminary injunction, declarative relief, and attorney fees under the Civil Rights Attorney Fees Award Act 42 U.S.C. § 1988.

The Plaintiff seeks the aforesaid relief from Orleans Parish Criminal District Court Judge Raymond C. Bigelow, Section "I" for: [1]. Failure to perform his delegated duties. [2] Denying the Plaintiff the 1st Amendment Right to Access the Court, to Redress. [3] The 14th Amendment Right to Due-Process, Equal Protection of Law. A Constitutional guaranteed Protective Liberty Interest Right to established adjudicatory procedure, the Writ of Habeas Corpus in accord with Art. 1, Section 9 of the United States Constitution; Art. 1, Section 21 of the Louisiana Constitution of 1974; and in exceptional circumstances as provided by Louisiana Code of Criminal Procedure Article 362(2). Therefore, effectively suspending, and unlawfully depriving the Plaintiff of the Writs effect. [4] A Constitutional Right to a judicial hearing on the issue as to an unlawful custody. [5] Subjecting the Plaintiff to suffering repeated deprivation, a present imminent and future irreparable injury as to his present confinement, whereas Louisiana has no other adequate remedy of law for persons to challenge an unlawful custody.

## FACTUAL AND PROCEDURAL HISTORY

On February 16, 1986, the Plaintiff was found guilty for the offense of second degree murder, R.S. 14:30.1. Subsequently, he was sentenced and placed in custody at the La. State Penitentiary by Court order of Orleans Parish Criminal District Court Judge. Thereafter, a denial of direct appeal and a lengthy bout of post-conviction relief applications.

On December 28, 2004, in Case No: 309-728, the Plaintiff sought to challenge the Louisiana State Penitentiary Custodian as to an unlawful custody. The Plaintiff sought access to the Court,

to redress, through established adjudicatory procedures, the Writ of Habeas Corpus, invoking the Court's jurisdiction by virtue of Art. 1, Section 21 of the Louisiana Constitution and Louisiana Code of Criminal Procedure Art. 362(2).

On May 5, 2005, five months later, the Defendant Judge Raymond C. Bigelow, effectively suspended the Writ by unconstitutionally applying Louisiana Law, and treating the Writ of Habeas Corpus as an Application for Post-Conviction Relief, invoking statutory provisions to suspend the Writ, and unlawfully deprive the Plaintiff of the Writ's effect: and further unconstitutionally deprived the Plaintiff a judicial hearing on the issue as to an unlawful custody.

FACTS:

The Plaintiff in his Habeas Corpus Petition to the Criminal District Court, filed a cover page Due-Process Notice. The Writ was not connected to any particular litigation, and the Due-Process Notice did not alter the rights and liabilities of any parties. But rather instructed the Court personnel on how to process the petition made to the Court. In all, the Plaintiff's case differs from an adjudication in that a litigant offended by a judicial act can, in the vast majority of cases, appeal the courts decision to a higher Court. Here, no appeal is available. La.C.Cr.P. Art. 369 provides appeal not permitted.

Simply, the Defendant Judge Raymond C. Bigelow, in refusing to address Plaintiff's Writ of Habeas in its content and its jurisdictional venue invoked upon the Court, simply, suspended the Writ of Habeas Corpus, unconstitutionally denying the Plaintiff of its Constitutional Protective Liberty Guarantee. Therefore, denying the right to access the Court, to redress, and due-process to established adjudicatory procedure.

The Plaintiff's Writ itself was not an act of strict adjudication between parties.

Louisiana Constitution mandate, and its Legislature has exclusively provided specific

7

technical rules on how to process the request for Writ of Habeas Corpus. La.C.Cr.P. Art. 354, 357, 362, 363, and 369:

## LOUISIANA CONSTITUTIONAL AND STATUTORY LAW:

Under the existing Louisiana Constitution of 1974, Art. 1, Section 21 provides: "<u>Writ of Habeas Corpus</u>: shall not be suspended." The language expressed is mandatory language. Therefore, clearly establishing a Constitutional Protective Liberty Interest.

La.C.Cr.P. Art. 354: Granting of writ; time and place for answer: <u>Provides</u>:

> The Court to which the application is presented shall immediately grant a writ of habeas corpus, unless it appears by the petition itself or by the documents annexed to it that the person in custody is not entitled to be set at liberty. The writ may issue at any time on any day, in term or vacation, and shall be as early as practicable, and shall not exceed seventy-two hours of the issuance of the writ.

La.C.Cr.P. Art. 357: Answer; production of person in custody: <u>Provides</u>:

> The person upon whom the writ has been served, whether it is directed to him or not, shall file a written answer, signed and sworn to by him stating whether he has custody of the person named in the writ. If the person is in his custody, he shall produce him and state in his answer his authority for holding the person in custody. If the custody is by virtue of a Court order, the document in the possession of the custodian shall be annexed to the answer. The answer and the production of the person in custody shall be made at the place and time designated by the writ.

It is beyond dispute that state procedures not in themselves constitutionally mandated must be applied within the strictures of the constitution. *Cf. Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (Appeals provided by state, while not themselves constitutionally required, must be provided to all in accordance with equal protection clause).

Moreover, Louisiana statutory procedure and its constitutional mandate to the people of the State, the right to habeas. La.C.Cr.P. Art. 361: provides habeas for those in custody without Court order.

La.C.Cr.P. Art. 362: provides habeas for those in custody with Court order.

8

Art. 362, custody with Court order provides persons convicted relief on the following grounds:

(1) The Court has exceeded its jurisdiction;
(2) The original custody was lawful, but by some act, omission, or event which has since occurred, the custody has become illegal;
(3) The order of the custody is deficient in some legal requisite;
(4) The order for custody although legal in form imposes an illegal custody;
(5) The custodian is not the person allowed by law to detain the person in custody;
(6) He has been denied his right to a hearing in an extradition case, as provided in Article 267; or
(7) He is being held in custody prior to trial in violation of due process of law.

Art. 363, Effect of appeal provides:

The writ of habeas corpus shall not be granted to a convicted person for a cause under Article 362, if he may appeal, or has done so and the appeal is pending.

The Plaintiff in this instance has exhausted all appellate rights and as such, seeks the adjudicatory instrument of La.C.Cr.P. Art. 362(2). The original custody was lawful, but by some act, omission, or event which has since occurred, the custody has become unlawful.

Thus, the Plaintiff in all instances has simply been denied the use of established adjudicatory procedure, the Writ of Habeas Corpus, the right to challenge an unlawful custody, and as such, he now seeks prospective injunctive, declarative, and attorney's fees under the Civil Rights Attorney Fees Award Act 42 U.S.C. § 1988.

## REQUEST FOR PRELIMINARY INJUNCTION

To show entitlement to a preliminary injunction, Plaintiff must show [1] The threat of irreparable injury to the Plaintiff. [2] The balance of hardship between the parties. [3] The likelihood of success on the merits. and [4] The public interest.

## IRREPARABLE INJURY

An injury is irreparable if it cannot be undone through monetary remedies. *Spiegal v. City of Houston*, 636 F.2d 997, 100 (5th Cir. 1981). The rights at issue, the First Amendment Right to

9

Access the Court, to Redress, the 14th Amendment Right to Due-Process, and Equal Protection of Law, are entirely nonpecuniary, and no amount of financial compensation can redress its deprivation.

It is well established that loss of First Amendment Freedoms, for even minimal periods of time, constitutes irreparable injury. *Elron v. Burns*, 427 U.S. 347, 96 S.Ct. 2673 (1976). *Id.* 427 U.S. 2690. It is the right to vindicate one's right in Court that is the heart of the constitutional right to due process of law.

This principle expressed in one of the original sources of the theory of constitutionalism, The Magna Carter, Section 40 of that document states that among the duties government owes to its subjects is that "To no one will we sell, to no one will we refuse or delay the right to justice."

This principle is also expressed in the Supreme Courts holding that Due-Process Clause of the Fourteenth Amendment prevents states from denying potential litigants use of established adjudicatory procedure. When such an act would be the equivalent of denying them the opportunity to be heard upon their claimed rights. *Logan v. Zimmerman Brush, Co.*, 455 U.S. 422, 429-30, 105 S.Ct. 1148, 1154, 11 L.Ed.2d 265 (1982), quoting *Boddie v. Connecticut*, 401 U.S. 371, 380, 91 S.Ct. 780, 789, 28 L.Ed.2d 113 (1971).

The Constitution indisputably guarantees an offender adequate, effective, and meaningful access to the Court to assert civil cause of action. *Bounds v. Smith*, 430 U.S. 817, 822, 92 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977) (characterizing right of access to courts as fundamental constitutional right).

The writ of Habeas Corpus, as in the Plaintiff's case, manifests a legal determination to allow the Plaintiff to challenge the lawfulness of his present custody. The Plaintiff's Due-Process Right to have the Writ executed according to Louisiana Law, necessarily encompasses an actual

right of physical access to the Court. The State of Louisiana identifies no idiosyncracies of its law that limits the efficiency of the State's Writ of Habeas Corpus. La.C.Cr.P. art. 362 authorizes a convicted person the right to challenge an unlawful custody. Louisiana Constitution Art. 1, Section 21 guarantees a Protective Liberty Interest to the people of the State. The undeniable right to the established adjudicatory instrument, the Writ of Habeas Corpus. It is therefore at least arguable to equate obstruction and or the suspending of the Plaintiff's Writ . . . . Itself necessary to ensure fruitful access to the courts and itself an embodiment of a right of access . . . with the actual denial of access.

The continued unlawful custody of the Plaintiff in absence of any justification or excuse, violates his constitutional rights, constituting grave irreparable injury thereto suffering repeated deprivation to a present, imminent, and future confinement. Whereas Louisiana has no other adequate remedy of law for Plaintiff to challenge the unlawful custody, nor a judicial hearing on the custody in question. As such, irreparable injury is absolute here.

## BALANCE OF HARM:

The sole Defendant in this matter is the Criminal District Court Judge. The Judge's only interest is the responsibility that the law be faithfully executed, which extends to all Louisiana's citizens.

On the Plaintiff's side, an interest is very imminent. The loss of the First Amendment and Fourteenth Amendment Right to Due-Process and the Equal Protection of the Laws, and the insured application of Louisiana's State Constitutional Mandate, the same laws that the Defendant is responsible for executing and extending to all citizens, even the Plaintiff who presently seeks established adjudicatory procedure, the Writ of Habeas Corpus, in accord with the laws of Louisiana. The only potential injury Defendant may possibly suffer if an injunction is granted, is

11

the expense of conducting a judicial hearing.

However, personal injury alone isn't sufficient to outweigh the threatening irreparable injury to Plaintiff; expenditure of public funds are to be given minimal weight in determining whether or not to insure the application of constitutional mandates.

## LIKELIHOOD OF SUCCESS ON THE MERITS:

Petitioner bases his likelihood of success pursuant to La.C.Cr.P. Art. 362(2) which respectfully states; "The original custody was lawful, but by some act, omission, or event which has since occurred, the custody has become unlawful."

Plaintiff asserts that his custody in Louisiana State Penitentiary has become unlawful because: [1] There has been no jury verdict or judgement; and [2] There has been no trial by juror's to constitute a lawful custody under Custodian Burl Cain's authority in accordance with Art. 1, Sections 2, 9, 16, and 17 of the Louisiana Constitution of 1974, and the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

The Plaintiff relies on a new event, an act and omission of new constitutional law which has since occurred by the United States Supreme Court for Authority.

## ESTABLISHED CONSTITUTIONAL LAW:

At the conclusion of Plaintiff's 1986 trial, the Judge read the jury charge as follows:

> However, this doubt must be a reasonable one. That is founded upon real, tangible, substantial basis, and not upon caprice, fancy or conjecture. <u>It must be such a doubt as would give rise to a grave uncertainty</u>, raised in your minds by reasons of unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. It is <u>an actual</u> or <u>substantial</u> doubt. <u>It is a doubt that a reasonable man would seriously entertain. What is required is not an absolute or mathematically certainty</u>, but a <u>moral certainty</u>.

In 1990, four and one half years after Plaintiff's custody at the Louisiana State Penitentiary, Angola, LA, the United States Supreme Court in *Cage v. Louisiana*, 111 S.Ct. 328 (1990); held that

12

a reasonable doubt instruction equaling <u>reasonable doubt</u> with <u>grave uncertainty</u> and <u>actual substantial doubt</u>, overstated the degree of doubt required for acquittal. And that when these statements were combined with <u>moral uncertainty</u>, reasonable jurors could have interpreted the instruction as license to find guilt based on a lesser degree of proof than that required by the Fourteenth Amendments Due-Process Clause. *Cage*, 114 S.Ct. at 339.

Thereafter, several years later, the United States Supreme Court addressed a reasonable doubt jury instruction identical to the *Cage* instruction finding it to be a structural defect in the constitution of the trial mechanism in *Sullivan v. Louisiana*, 113 S.Ct. 2087 (1993). The *Sullivan* Court held that the Fifth Amendment Right to a burden of proof beyond a reasonable doubt, and the Sixth Amendment Right to a jury trial were interrelated such that there is a reasonable likelihood the reasonable doubt instruction was constitutionally deficient. All of the jury's findings are vitiated. *Id.*, at 2081-82 [per curiam]:

> Once the proper role of an appellate Court engaged in the *Chapman* inquiry is understood, the illogic of harmless-error review in the present case becomes evident. Since for the reason described above [the reasons of *Cage*], there has been no jury within the meaning of the Sixth Amendment. The entire premise of *Chapman* is simply absent.
>
> There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the same verdict would have been rendered absent the constitutional error is utterly meaningless. There is no object, so to speak, upon which the harmless-error scrutiny can operate. The most an appellate Court can conclude is that a jury would have surely found Petitioner guilty beyond-a-reasonable-doubt-not that the jury's actual finding of guilty beyond a reasonable doubt would surely not have been different absent the constitutional error that is not enough. *See Yates, supra.*, 500 U.S. at 413-414, 111 S.Ct. 1898 (Scalia, J., concurring in part and concurring in judgment). The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action, or else directed verdicts for the state would be sustainable on appeal; it requires an actual jury finding of guilty. *See Bollenbach v. United States*, 326 U.S. 607, 614, 66 S.Ct. 402, 405 L.Ed. 350 (1946).

*Sullivan*, 508 U.S. at 280, 113 S.Ct. at 2082.

13

The point made in *Sullivan* is that there never has been a jury verdict. As such, the Plaintiff's custody has become unlawful, "under La.C.Cr.P. Art. 872. A valid sentence must rest upon a valid and sufficient [1] Statute; [2] Indictment; and [3] Verdict, Judgment or Plea of Guilty." As there has been no verdict ever returned under *Sullivan* it is axiomatic that there can be no valid custody at this time, and the Plaintiff's custody is therefore unlawful.

PUBLIC INTEREST:

In addressing the public interest, Art. 1, Section 9 of the United States Constitution states, "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion, the public safety may require it.

Louisiana State Constitution Art. 1, Section 21 provides: "Writ of Habeas Corpus: shall not be suspended. The constitutional guarantee serves the public's most ultimate interest. To deny an individual the mandate of the constitutional guarantees would be a grave disservice to the public.

CONCLUSION

WHEREFORE, the Plaintiff will pray that this Honorable Court would grant preliminary injunction in this matter, ordering the Louisiana State Criminal District Court Judge "Raymond C. Bigelow," to perform his delegated duties and reinstate the foresaid Writ of Habeas Corpus, allowing the Plaintiff the "First Amendment Right to Access the Court, to redress, the 14th Amendment Equal Protection of Law and Due-Process Right to Established Adjudicatory Procedure, the Writ of Habeas Corpus to challenge an unlawful custody with a constitutional judicial hearing on the issue as to a unlawful custodoy, and further to grant declarative relief, and attorney fees under the Civil Rights Attorney Fees Award Act 42 U.S.C. 1988.

Respectfully Submitted,

/s/ _Darrell Johnson_
Darrell Johnson #114419
Pro Se, LSP
Angola, LA 70712

| | |
|---|---|
| STATE OF LOUISIANA | CRIMINAL DISTRICT COURT |
| VERSUS | PARISH OF ORLEANS |
| DARRELL JOHNSON | NO. 309-728 SECTION "I" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JUDGMENT

This matter is before the Court on a Writ of Habeas Corpus, which was filed on December 28, 2004. In this writ, Mr. Johnson contends that his continued incarceration is illegal because of a defective reasonable doubt charge was given at his trial, thereby depriving him of his 6th Amendment right to trial by jury. This claim is untimely. The conviction in this matter occurred on February 19, 1986. While Mr. Johnson has labeled his pleading as a writ of habeas corpus, this Court will treat it as an application of post-conviction relief and apply the time limitations provisions in La. Code of Criminal Procedure Art. 930.8(A). The U.S. Supreme Court's decision in Cage v Louisiana, 498 U.S. 39, 112 L.Ed. 2d 339, 111 S. Ct. 328 (1990) relied upon by Mr. Johnson in this habeas corpus filing is more than 14 years old. Consequently, Mr. Johnson's time for seeking relief under this rationale long ago lapsed.

Additionally, as observed by the Louisiana Supreme Court in State v. Penns, 99-2916 (La. 12/20/99), 758 So. 2d 776, the Louisiana Supreme Court held that the reasonable doubt charge complained of by Mr. Cage and, now, Mr. Johnson is not constitutionally infirm.

For these reasons, the request for relief is DENIED.

New Orleans, La. this ___5___ day of ___May___, 2005.

_Raymond Bigelow_
JUDGE

VI. Plaintiff's Declaration

1) I declare under of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $150 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this ___17th___ day of ___Nov 2005___ 2005.

_____
(Signature of Plaintiff)

02/2005

15

AO 240 (EDLA 12/98)                                                                                              PAGE 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

DARRELL JOHNSON

v.

BURL CAIN, CUSTODIAN

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

**CASE NUMBER:**

I, __DARRELL JOHNSON__, declare that I am the (check appropriate box):

☒ petitioner/plaintiff/movant     ☐ other

in the above-styled and -numbered proceeding, and that in support of my request to proceed without prepayment of fees or costs under 28 USC § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint, petition, or motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?     ☒ Yes     ☐ No   (If "No," go to Question 2)

    If "Yes," state the place of your incarceration: __La. STATE, PRISON, ANGOLA, La. 70712__

    Are you employed at your place of incarceration?     ☐ Yes     ☒ No

    Do you receive any payment from your place of incarceration?     ☐ Yes     ☒ No

    Have your place of incarceration complete the CERTIFICATE portion of this affidavit and attach a ledger sheet from that institution and all others showing at least **the past six month's** transactions.

2. Are you currently employed?     ☐ Yes     ☒ No

    a. If your answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer:

        $ __N/A__ salary or wages per __NONE__

        Employer's name and address:

    b. If your answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your employer:

        $ _____ salary or wages per _____

        Employer's name and address: __N/A__

3. In the past twelve months have you received any money from any of the following sources?

    a. Business, profession, or other self-employment     ☐ Yes     ☒ No
    b. Rent payments, interest, or dividends             ☐ Yes     ☒ No
    c. Pensions, annuities, or life insurance payments    ☐ Yes     ☒ No
    d. Disability or workers compensation payments       ☐ Yes     ☒ No
    e. Gifts or inheritances                             ☐ Yes     ☒ No
    f. Any other source                                  ☒ Yes     ☐ No

. If the answer to any item in Question 3 is "Yes," describe each source of money and state the amount received **and** what you expect you will continue to receive.

CHARITY FROM CHRISTIAN FRIENDS AND MY MOTHER

4. Do you have **any** cash or **any** checking or savings accounts?   ☑ Yes   ☐ No   If "Yes," state the total amount: $ 50.00

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles, or other valuable property?   ☐ Yes   ☑ No

If "Yes," describe the property and state its value:

NONE

6. List the persons who are dependent on you for support, state your relationship to each person, and state how much you contribute to their support.

| Name | Relationship | Amount Contributed for Support |
|---|---|---|
|  |  |  |

I declare under penalty of perjury that the foregoing information is true and correct.

NOV, 19, 2005
Date

Darrell Johnson
Signature of Applicant