FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 23 PM 12: 42

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL JOHNSON                                CIVIL ACTION

VERSUS                                          NO. 05-6647

RAYMOND C. BIGELOW                              SECTION "K" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Darrell Johnson, is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal District Court Judge Raymond C. Bigelow.

Johnson alleges that Judge Bigelow denied him an opportunity to pursue a petition for writ of habeas corpus to challenge his alleged unlawful custody. Record Doc. No. 1, Complaint at pp. 6-14. Johnson asserts that he seeks a preliminary injunction, declaratory relief and attorney fees from Judge Bigelow because the judge failed to perform his "delegated duties" and denied plaintiff his rights of access to the courts, due

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

process and equal protection of law guaranteed by the First and Fourteenth Amendments. Id. at p. 6.

Specifically, Johnson states in his complaint that he was found guilty of second degree murder on February 16, 1986, sentenced and placed in the custody of the Louisiana State Penitentiary. Plaintiff further states that thereafter his direct appeal was denied, a "lengthy bout of post-conviction relief applications" ensued, and on December 28, 2004, he "sought to challenge [his] unlawful custody. . . . through established adjudicatory procedures" by filing a petition for writ of habeas corpus. Plaintiff alleges that on May 5, 2005, Judge Bigelow "effectively suspended the Writ by unconstitutionally applying Louisiana Law, and treating the Writ of Habeas Corpus as an Application for Post-Conviction Relief, invoking statutory provisions to suspend the Writ, and unlawfully deprive[d] the Plaintiff of the Writ's effect[] and further unconstitutionally deprived the Plaintiff a judicial hearing on the issue as to an unlawful custody." Id. at pp. 6-7.

Johnson alleges that "in refusing to address . . . [the] content and jurisdictional venue" of plaintiff's habeas corpus petition, Judge Bigelow "suspended the Writ of Habeas Corpus, unconstitutionally denying the Plaintiff of its Constitutional Protective Liberty Guarantee . . . the right to access the Court, to redress, and due process to established adjudicatory procedure." Id. at p. 7.

In conclusion, plaintiff requests that this court grant a preliminary injunction, "ordering [Judge Bigelow] to perform his delegated duties and reinstate [plaintiff's] Writ of Habeas Corpus, allowing the Plaintiff the 'First Amendment Right to Access the Court, to redress, the 14th Amendment Equal Protection of Law and Due-Process Right to Established Adjudicatory Procedure, the Writ of Habeas Corpus to challenge an unlawful custody with a constitutional judicial hearing on the issue as to a[n] unlawful custodoy (sic), and further to grant declarative relief, and attorney fees under the Civil Rights Attorney Fees Award Act 42 U.S.C. 1988." Id. at p. 14.

Plaintiff attached to his complaint a copy of a judgment entered in his criminal court case on May 5, 2005, in which Judge Bigelow treated plaintiff's petition for writ of habeas corpus as an application for post-conviction relief and denied it as untimely. Id. at p. 15.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks

monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

II.   SECTION 1983 CLAIMS

A.   JUDICIAL IMMUNITY

Plaintiff's claims against Judge Bigelow are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982),

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from civil liability under Section 1983 unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In addition, to whatever extent, if any, that Johnson seeks an order of this court directing Judge Bigelow to take some action concerning Johnson's filings in the state court, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002) (Fitzwater, J.); Norman v. Louisiana Supreme Court, No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court in which plaintiff's cases are pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Johnson's claims against Judge Bigelow clearly arise from actions taken by the judge in connection with plaintiff's criminal proceedings in the Orleans Parish Criminal District Court, actions well within the judge's jurisdiction and clearly a function of his

judicial role. His complaint essentially is that he disagrees with Judge Bigelow's order of May 5, 2005. His remedy is to seek review of that order in the appropriate Louisiana appellate court, <u>not</u> to file a Section 1983 action in this court. Therefore, these claims are based on a meritless legal theory, fail to state a claim upon which relief can be granted and are asserted against a defendant who is immune from this kind of civil liability. All claims against Judge Bigelow must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted, or because it seeks monetary relief against an immune defendant under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this **23rd** day of January, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE